SUCCESSOR OF SCHLÜTER & Co., Appellee, v. GONZÁLEZ ET AL., Appellants.

No. 4419. Argued July 9, 1928.—Decided July 28, 1928.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The question of whether or not the appeal in this case

should be dismissed has been argued by the parties several times before this court. Finally the motion to dismiss was sustained by an order of May 31, 1928.

On the 18th of June, 1928, the appellant filed a motion for reconsideration and on the 28th of the same month this court ruled on it as follows:

"Having heard the motion for reconsideration and the suggested conflict between this case and the case of *Fernandez* v. *Alonso Riera & Co.*, decided on the 4th of last May, and having considered also the case of *Campos* v. *District Court*, 35 P.R.R. 569, the decision of the court of May 31, 1928, is reconsidered and a new hearing on the motion to dismiss is set for July 9, 1928, at 2 p. m."

The hearing was held and the attorneys not only reargued the questions involved, but also have presented briefs covering them.

A new question was raised by the attorney for the appellee at the last hearing and was argued later in a brief presented for that purpose. We refer to the contention that the motion for reconsideration had been made too late when the mandate had already been sent down to the district court and the judgment had been executed. As proof of that contention the brief was accompanied by a certificate of the clerk of the district court to the effect that a writ had been issued in execution of the judgment directing the Registrar of Property of San Juan to cancel a certain record of dominion title, that writ having been served on the 12th of June and executed by the registrar on the 29th.

The appellant did not explain orally the cause of his tardiness. In a subsequent written answer he called attention to the fact that the question of tardiness could not be raised because the decision was already reconsidered.

In the opinion delivered in support of the decision of this court of the 12th of July, 1928, in *Manrique* v. *Ramírez* the jurisprudence relative to the time within which motions for reconsideration should be made is studied at some length.

The rule that the decisions of this court shall not be sent down to the district courts until after the expiration of ten days is well known and was adopted to avoid complications and to give opportunity to the parties to take before this court any action to which in their opinion they are legally entitled in connection therewith. That period, which may be extended for good cause, is sufficient.

As we have seen, in the present case not only the ten days expired, but the mandate had been sent down and even the judgment had been executed.

Such being the case, we believe that in accordance with the facts and the jurisprudence as set forth in the *Manrique Case, supra,* and cases therein cited, it should be held that the motion for reconsideration was made too late, and our decision of June 28, 1928, is no obstacle to this ruling. That decision will be set aside and substituted by another re-establishing matters to the condition in which they were before the rendition of the decision of June 28, the appeal being thus dismissed and the motion to reconsider overruled.